MySpace Inc v. Optinrealbig.com LLC et al    Doc. 6



1  WILLIAM W. OXLEY (State Bar No. 136793)
   woxley@orrick.com
2  CHRISTOPHER S. RUHLAND (State Bar No. 175054)
   cruhland@orrick.com
3  KHAI LEQUANG (State Bar No. 202922)
   klequang@orrick.com
4  ORRICK, HERRINGTON & SUTCLIFFE LLP
   777 South Figueroa Street
5  Suite 3200
   Los Angeles, CA 90017
6  Telephone: 213-629-2020
   Facsimile: 213-612-2499
7
   Attorneys for Plaintiff
8  MySpace, Inc.

Priority ✓
Send ✓
Clsd ___
Enter ___
JS-5/JS-6 ___
JS-2/JS-3 ___

FILED
CLERK, U S DISTRICT COURT
AUG 2 2007
CENTRAL DISTRICT OF CALIFORNIA
BY                    DEPUTY

9                    UNITED STATES DISTRICT COURT

10                   CENTRAL DISTRICT OF CALIFORNIA

11

12  MYSPACE, INC., a Delaware              Case No. CV-07-0496 GHK (RCx)
    corporation,
13                                         STIPULATION AND [PROPOSED]
                   Plaintiff,              ORDER FOR FILING FIRST
14                                         AMENDED COMPLAINT
            vs.
15                                         [First Amended Complaint lodged
    OPTINREALBIG.COM, LLC, a               concurrently herewith.]
16  Colorado limited liability company,
    CPA EMPIRE.COM, LLC, a                 Honorable George H. King
17  Colorado limited liability company,    Courtroom 650
    MEDIA BREAKAWAY, LLC, a
18  Nevada limited liability company,
    and SCOTT RICHTER, MARAT
19  NIGMATZYANOV, and
    YEVGENIY LESHCHINSKIY, and
20  DOES 1-10, inclusive, individuals,

21                 Defendants.

22

23

24

25                                         DOCKETED ON CM
                                           AUG - 3 2007
26
                                           BY            002
27

28

OHS West 260275982 2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## RECITALS

WHEREAS, on January 19, 2007, plaintiff MySpace, Inc. ("MySpace") filed a complaint against defendants Scott Richter, Media Breakaway, LLC, CPA Empire.com, LLC, OptinRealBig.com, LLC (collectively, the "Richter Defendants") and Marat Nigmatzyanov and Yevgeniy Leshchinskiy (together, the "Other Defendants") alleging violations of the CAN-SPAM Act, the Computer Fraud and Abuse Act, the Electronic Communications Privacy Act, and California's Anti-Spam Statute, as well as unfair competition, trespass to chattels, conversion, and breach of contract; and

WHEREAS, MySpace and the Richter Defendants have agreed and stipulated to permit MySpace to file a First Amended Complaint that amends and adds certain factual allegations.

## STIPULATION

NOW, THEREFORE, IT IS HEREBY AGREED AND STIPULATED THAT, subject to the Court's approval:

1.    The attached proposed First Amended Complaint be deemed filed; and

2.    The Richter Defendants' response to the First Amended Complaint shall be due within 20 days of the Court's order deeming the First Amended Complaint filed.

OHS West 260275982 2

-1-

1    Dated:  July 31, 2007

2

3

4

5

6

7    Dated:  July 31, 2007

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

WILLIAM W. OXLEY
CHRISTOPHER S. RUHLAND
KHAI LEQUANG
ORRICK, HERRINGTON & SUTCLIFFE LLP


By:  _____
     Khai LeQuang
     Attorneys for Plaintiff MySpace, Inc.


DAVID L. SCHRADER
MORGAN, LEWIS & BOCKIUS LLP


By:  _____
     David L. Schrader
     Attorneys for Defendants Scott Richter and
     Media Breakaway, LLC

1

## ORDER

2       Good cause appearing, IT IS HEREBY ORDERED THAT:

3       1. The attached proposed First Amended Complaint is deemed filed as of the

4   date of this Order; and

5       2. Defendants shall have 20 days from the date of this Order to file and serve

6   any response to the First Amended Complaint.

7

8   Dated:    8/2/07

9                                        United States District Court Judge

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1   WILLIAM W. OXLEY (State Bar No. 136793)
    woxley@orrick.com
2   CHRISTOPHER S. RUHLAND (State Bar No. 175054)
    cruhland@orrick.com
3   NATHAN J. NOVAK (State Bar No. 240473)
    nnovak@orrick.com
4   ORRICK, HERRINGTON & SUTCLIFFE LLP
    777 South Figueroa Street
5   Suite 3200
    Los Angeles, CA  90017
6   Telephone:  213-629-2020
    Facsimile:   213-612-2499
7
    Attorneys for Plaintiff
8   MySpace, Inc.

9                  UNITED STATES DISTRICT COURT

10                CENTRAL DISTRICT OF CALIFORNIA

11

| 12 | MYSPACE, INC., a Delaware corporation, | Case No. CV-07-0496 GHK (RCx) |
|---|---|---|
| 13 | | **FIRST AMENDED COMPLAINT FOR:** |
| 14 | Plaintiff, | |
| 15 | vs. | **(1)  VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT** |
| 16 | MEDIA BREAKAWAY, LLC, a Nevada limited liability company, and SCOTT RICHTER and DOES 1-10, inclusive, individuals, | **(2)  VIOLATIONS OF THE CAN-SPAM ACT** |
| 17 | | **(3)  VIOLATIONS OF THE ELECTRONIC COMMUNICATION PRIVACY ACT** |
| 18 | Defendants. | **(4)  VIOLATIONS OF CALIFORNIA'S ANTI-SPAM STATUTE** |
| 19 | | **(5)  UNFAIR COMPETITION** |
| 20 | | **(6)  TRESPASS TO CHATTELS** |
| 21 | | **(7)  CONVERSION** |
| 22 | | |
| 23 | | **DEMAND FOR JURY TRIAL** |
| 24 | | Honorable George H. King |
| 25 | | Courtroom: 650 |

26

27

28

OHS West 260268974 3

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1        Plaintiff MySpace, Inc. alleges as follows against defendants Media

2   Breakaway LLC ("Media Breakaway"), Scott Richter, and Does 1-10, inclusive:

3   **JURISDICTION AND VENUE**

4        1.     This is a civil action for violations of the Computer Fraud and Abuse

5   Act, 18 U.S.C. § 1030, the CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.*, the

6   Electronic Communication Privacy Act, 18 U.S.C. § 2701 *et seq.*, and California's

7   Anti-Spam statute, California Business and Professions Code § 17529 *et seq.*,

8   unfair competition under California Business and Professions Code § 17200 *et seq.*

9   and the common law, trespass to chattels, and conversion. The Court has

10  jurisdiction over the Computer Fraud and Abuse Act, CAN-SPAM Act, and

11  Electronic Communication Privacy Act claims under 28 U.S.C. § 1331. The Court

12  has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

13       2.     Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

14  **PARTIES**

15       3.     Plaintiff MySpace is a corporation organized under the laws of the

16  State of Delaware, with its principal place of business in Beverly Hills, California.

17       4.     Defendant Scott Richter is a self-described "high volume e-mail

18  deployer" and the principal of a number of companies that specialize in spamming,

19  including Media Breakaway, a Nevada limited liability company.

20       5.     Does 1-10, inclusive, carried out certain of the tortious acts described

21  in this First Amended Complaint at the named Defendants' behest. On information

22  and belief, each Defendant is responsible for the acts alleged herein, and

23  MySpace's injuries were proximately caused by these Defendants.

24  **MYSPACE AND ITS ONLINE COMMUNITY**

25       6.     MySpace operates a popular social networking website located at

26  MySpace.com. Through the website, MySpace members create personal profiles,

27  which become the members' "space" on MySpace.com. These profiles typically

28  include personal descriptions, photographs, blogs, and other information. Once a

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1  member creates a profile, the member can build a personal network within

2  MySpace by inviting others to become a part of the member's personal network or

3  by accepting an invitation to become a part of another member's personal network.

4  The MySpace users within a member's personal network are known as "friends."

5  MySpace members use these personal networks to communicate with friends and to

6  find other friends. MySpace has registered over 180 million members.

7        7.     MySpace employs private email and bulletin systems, that MySpace

8  owns, operates, and administers. MySpace members use these systems to

9  communicate with other members. MySpace also employs a system that MySpace

10 owns, operates, and administers that allows MySpace members to invite other

11 members to become friends and to accept or reject invitations to become friends.

12 When a MySpace member posts a bulletin, an electronic message is transmitted to

13 each of that member's friends.

14       8.     An important aspect of the MySpace experience is that members

15 generally receive communications only from a limited number of people. MySpace

16 members do not expect to receive – and should not receive – unsolicited mass

17 communications, such as spam. MySpace employs various security measures to

18 prohibit the unauthorized use of its website and its computers.

19                    **DEFENDANTS' UNLAWFUL CONDUCT**

20       9.     The Defendants specialize in the delivery of commercial e-mails –

21 known as "spam" – in very high volumes. Beginning in July of 2006 and

22 continuing into December of 2006, the Defendants arranged for millions of spam

23 "bulletins" to be sent through MySpace's network.

24       10.    Defendants sent these spam bulletins through the accounts of existing

25 MySpace users without those users' knowledge. On information and belief,

26 Defendants accomplished this by either misappropriating the login names and

27 passwords of existing MySpace users through phishing or by acquiring a list of

28 phished names and passwords from one or more third parties.

OHS West 260268974 3

- 2 -

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1    11.    Defendants used computer programs called "scripts" to login into

2    compromised MySpace users' accounts and send the spam bulletins. The scripts –

3    computer programs that execute a predetermined set of commands repeatedly –

4    allowed for the spam bulletins to be mass-distributed quickly. The bulletins

5    promoted websites that offered recipients, for instance, free "ringtones" for cellular

6    phones, free Lacoste polo shirts, or a free "Sidekick 3."

7    12.    While most spam is easily identified as spam and often ignored by

8    recipients, the Defendants' spam attack was more successful because the

9    Defendants used stolen account information to make it appear that bulletin

10    recipients were receiving the bulletins from their friends. Additionally, the

11    bulletins included statements that appeared to be made by legitimate MySpace users

12    and that professed the legitimacy of the promotions.

13    13.    The sending of a bulletin results in an electronic message being sent

14    to each friend in a MySpace user's network. Thus, the Defendants caused millions

15    of spam bulletin messages to be sent to MySpace users.

16    14.    In May and June 2007, the Defendants arranged for approximately

17    another 180,000 spam bulletins to be sent on MySpace. These bulletins were sent

18    using approximately 756 MySpace member accounts that were likely phished. The

19    spam bulletins advertised the websites cuterings.net, ringspree.com, and

20    hotrings.net. These websites all eventually led to ringaza.com, which the

21    Defendants own and operate.

22    15.    In June of 2007, the Defendants arranged for over 2,000,000 spam

23    messages to be sent to MySpace members, this time through MySpace's private

24    email message system. Approximately 268,000 MySpace members received such

25    emails from approximately 122,000 MySpace accounts, which were mostly likely

26    phished. These spam emails promoted the commercial website ringjam.net and

27    ringaza.com. These spam emails contained misleading headers and subject lines

28

OHS West 260268974 3

- 3 -

1   that led MySpace members to believe they were receiving legitimate, personal

2   emails instead of spam.  This deception made the spam attack particularly effective.

3        16.     Media Breakaway and Scott Richter had knowledge of the other

4   Defendants' unlawful actions and authorized and/or directed them to take the

5   actions described in this First Amended Complaint on their behalf.

6   **FIRST CLAIM FOR RELIEF**

7   **<u>VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT</u>**

8   (18 U.S.C. § 1030)

9        17.     MySpace realleges and incorporates herein by reference the

10  allegations in paragraphs 1-16.

11       18.     Defendants knowingly and intentionally: (a) accessed MySpace's

12  computers without authorization or in excess of any authorization and thereby

13  obtained information from MySpace's protected computers in a transaction

14  involving an interstate or foreign communication; (b) knowingly and with an intent

15  to defraud accessed MySpace's computers without authorization or in excess of any

16  authorization and obtained information from MySpace's computers, which, on

17  information and belief, Defendants used to obtain something of value; and (c)

18  knowingly and with an intent to defraud trafficked in passwords through which

19  computers were accessed without authorization and affected interstate commerce.

20       19.     Defendants' conduct has caused a loss to MySpace during a one-year

21  period aggregating at least $5,000.

22       20.     MySpace has suffered damages resulting from Defendants' infringing

23  conduct.

24       21.     By reason of Defendants' conduct, MySpace has suffered, is

25  suffering, and will continue to suffer irreparable harm and, unless Defendants are

26  enjoined, the irreparable harm to MySpace will continue.  MySpace has no

27  adequate remedy at law.

28

OHS West 260268974 3

- 4 -

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## SECOND CLAIM FOR RELIEF

## <u>VIOLATIONS OF THE CAN-SPAM ACT</u>

### (15 U.S.C. § 7701 *et seq.*)

22.     MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16 and 18-21.

23.     MySpace is a provider of internet access service.   MySpace enables users to access content, including proprietary and exclusive content, electronic mail, and other internet services through its website.

24.     Defendants initiated the transmission of spam bulletins and emails through MySpace's computers, which are used in interstate and foreign commerce and communication, to thousands or millions of MySpace users' computers, which are also used in interstate and foreign commerce and communication.

25.     Defendants materially misled recipients of the spam as to the true identity of the senders.

26.     Defendants acquired lists of MySpace login names and passwords in a fraudulent manner, either by phishing themselves or acquiring phished lists from third parties, for the purposes of initiating the spam messages.

27.     Defendants' bulletins and emails were sent as part of a systematic pattern and practice that did not conspicuously display a return electronic mail address by which the recipients could submit to the true sender a reply requesting that no further commercial emails be sent to the recipient.

28.     Defendants' bulletins and emails did not provide clear and conspicuous identification that the message was an advertisement or a solicitation, nor a clear and conspicuous notice that the recipient has the right to opt-out of future messages, nor a valid physical address of the actual sender of the bulletins.

29.     MySpace has been adversely affected by Defendants' violations.  As a direct and proximate cause of Defendants' conduct, MySpace has sustained damages.

OHS West:260268974.3

30.    By reason of Defendants' conduct, MySpace has suffered, is suffering, and will continue to suffer irreparable harm and, unless Defendants are enjoined, the irreparable harm to MySpace will continue.  MySpace has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## VIOLATIONS OF THE ELECTRONIC COMMUNICATION PRIVACY ACT

### (18 U.S.C. § 2701 *et seq.*)

31.    MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16, 18-21, and 23-30.

32.    MySpace's computers and servers are facilities through which electronic communication service is provided to its users.

33.    By using phished or hacked login names and passwords, the Defendants knowingly and intentionally accessed MySpace's computers and servers without authorization.

34.    Through this unauthorized access, Defendants had access to, obtained, altered, and/or prevented MySpace members' legitimate, authorized access to wire electronic communications, including but not limited to MySpace emails and bulletins while they were in electronic storage in the MySpace system.

35.    By reason of Defendants' conduct, MySpace has suffered, is suffering, and will continue to suffer irreparable harm and, unless Defendants are enjoined, the irreparable harm to MySpace will continue.  MySpace has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## VIOLATIONS OF CALIFORNIA'S ANTI-SPAM STATUTE

### (Cal. Bus. & Prof. Code § 17529 *et seq.*)

36.    MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16, 18-21, 23-30, and 32-35.

OHS West 260268974 3

- 6 -

1    37.    Defendants' spam messages were commercial email advertisements

2    initiated for the purpose of advertising or promoting the sale or gift offer of

3    property, goods, and/or services.

4    38.    Defendants' spam messages contained falsified, misrepresented,

5    and/or forged header information.  The bulletins also included subject lines that

6    would be likely to mislead a recipient about the contents or subject matter of the

7    message.

8    39.    MySpace has been adversely affected by Defendants' violations.  As

9    a direct and proximate cause of Defendants' conduct, MySpace has sustained

10    damages.

11    40.    By reason of Defendants' conduct, MySpace has suffered, is

12    suffering, and will continue to suffer irreparable harm and, unless Defendants are

13    enjoined, the irreparable harm to MySpace will continue.  MySpace has no

14    adequate remedy at law.

15    **FIFTH CLAIM FOR RELIEF**

16    <u>**UNFAIR COMPETITION**</u>

17    (California Business & Professions Code §§ 17200 *et seq.* and Common Law)

18    41.    MySpace realleges and incorporates herein by reference the

19    allegations in paragraphs 1-16, 18-21, 23-30, 32-35, and 37-40.

20    42.    Defendants, by virtue of their acts as alleged above, have willfully,

21    knowingly, and intentionally engaged in acts of unfair competition under Cal. Bus.

22    & Prof. Code §§ 17200 *et seq.* and the common law of the State of California.

23    43.    As a direct and proximate cause of Defendants' conduct, MySpace

24    has sustained damages and Defendants have received wrongful gains.

25    44.    By reason of Defendants' conduct, MySpace has suffered, is

26    suffering, and will continue to suffer irreparable harm and, unless Defendants are

27    enjoined, the irreparable harm to MySpace will continue.  MySpace has no

28    adequate remedy at law.

OHS West 260268974 3

- 7 -

1

**SIXTH CLAIM FOR RELIEF**

2

**TRESPASS TO CHATTELS**

3       45.      MySpace realleges and incorporates herein by reference the

4   allegations in paragraphs 1-16, 18-21, 23-30, 32-35, 37-40, and 42-44.

5       46.      The internal email and bulletin systems and computer hardware used

6   to facilitate the operation of those systems are the personal property of MySpace.

7       47.      Defendants knowingly and intentionally, without the authorization of

8   MySpace, used, trespassed on, and interfered with MySpace's property rights

9   through the unlawful acts described herein.

10      48.      Defendants' actions were in denial of MySpace's rights to operate its

11  internal email and bulletin systems.

12      49.      As a direct and proximate cause of Defendants' trespass, MySpace

13  has sustained damages.

14

**SEVENTH CLAIM FOR RELIEF**

15

**CONVERSION**

16      50.      MySpace realleges and incorporates herein by reference the

17  allegations in paragraphs 1-16, 18-21, 23-30, 32-35, 37-40, 42-44, and 46-49.

18      51.      Defendants' unlawful actions constituted a substantial deprivation of

19  and trespass upon MySpace's property rights.

20      52.      As a direct and proximate cause of Defendants' trespass, MySpace

21  has sustained damages.

22

**PRAYER FOR RELIEF**

23      Wherefore, MySpace prays for relief as follows:

24      1.       That Defendants and their agents, servants, employees, attorneys, and

25  any other persons in active concert or participation with them be temporarily,

26  preliminarily, and permanently enjoined from:

27              a.       making any unauthorized use of, or gaining unauthorized access

28  to, MySpace's computers;

OHS West 260268974 3

- 8 -

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1          b.      retaining any copies, electronic or otherwise, of any MySpace

2 login names and/or passwords obtained through the illegitimate and unlawful

3 actions described in the First Amended Complaint;

4          c.      using MySpace's computers or accounts to cause, directly or

5 indirectly, commercial emails or bulletins of any kind to be transmitted; and,

6          d.      accessing MySpace's computers or accounts for any reason

7 whatsoever;

8          2.      That Defendants be directed to file with the Court and serve upon

9 counsel for MySpace within thirty days after entry of judgment a report in writing

10 under oath setting forth in detail the manner and form in which Defendants have

11 complied with the requirements of the injunction, the login names and unique

12 membership numbers of all compromised MySpace accounts, and the person(s) or

13 entit(ies) from whom the Defendants acquired the phished information;

14          3.      For damages according to proof, including liquidated and statutory

15 damages;

16          4.      For disgorgement of any money, property, or the value of any other

17 economic benefit that Defendants have received as a result of their unlawful

18 conduct;

19          5.      For punitive damages;

20          6.      For interest as allowed by law;

21          7.      For costs of suit, including attorneys' fees; and

22          8.      For such other relief as the Court deems just and proper.

23

24

25

26

27

28

1    Dated:  July 31, 2007        WILLIAM W. OXLEY

2                               CHRISTOPHER S. RUHLAND
                               NATHAN J. NOVAK

3                                ORRICK, HERRINGTON & SUTCLIFFE LLP

4

5                              By: _____

                               Christopher S. Ruhland

6                                Attorneys for Plaintiff MySpace, Inc.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

# DEMAND FOR JURY TRIAL

2        Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MySpace

3  hereby demands a trial by jury.

4

5  Dated:  July 31, 2007            WILLIAM W. OXLEY
                                    CHRISTOPHER S. RUHLAND
6                                   NATHAN J. NOVAK
                                    ORRICK, HERRINGTON & SUTCLIFFE LLP
7

8                                   By:_____
9                                       Christopher S. Ruhland
                                        Attorneys for Plaintiff MySpace, Inc.
10

11

12

13

14

.15

16

17

18

19

20

21

22

23

24

25

26

27

28

OHS West 260268974 3

- 11 -

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1

## DECLARATION OF SERVICE

2

      I, Norma Sweeney, declare that I am a resident of the State of California and

3

over the age of eighteen years, and not a party to the within action; my business

4

address is 777 South Figueroa Street, Los Angeles, California 90017.  On August
1, 2007, I served the within document(s):

5

6

STIPULATION AND [PROPOSED] ORDER FOR FILING
FIRST AMENDED COMPLAINT

7

8

☐      by transmitting via facsimile the document(s) listed above to the fax
        number(s) set forth below on this date before 5:00 p.m..

9

10

☒      by placing the document(s) listed above in a sealed envelope with
        postage thereon fully prepaid, in the United States mail at Los
        Angeles, California addressed as set forth below.

11

12

☐      by depositing a true and correct copy of the document(s) listed above
        with Federal Express in Los Angeles, California, enclosed in a sealed
        envelope.

13

14

**David L. Schrader, Esq.**
**Morgan, Lewis & Bockius LLP**
**300 S. Grand Ave., 22nd Floor**
**Los Angeles, CA 90071**

15

16

17

      I am readily familiar with the firm's practice of collection and processing

18

correspondence for mailing.  Under that practice it would be deposited with the
U.S. Postal Service on that same day with postage thereon fully prepaid in the

19

ordinary course of business.  I am aware that on motion of the party served,
service is presumed invalid if postal cancellation date or postage meter date is

20

more than one day after date of deposit for mailing in affidavit.

21

      I declare that I am employed in the office of a member of the bar of this court

22

at whose direction the service was made.

23

      I declare under penalty of perjury that the foregoing is true and correct and

24

that I am employed in the office of a member of the bar of this court at whose
direction the service was made.

25

      Executed on August 1, 2007, at Los Angeles, California.

26

27

Norma Sweeney

28

OHS West 260228398 1