WILLIAM W. OXLEY (State Bar No. 136793)
woxley@orrick.com
CHRISTOPHER S. RUHLAND (State Bar No. 175054)
cruhland@orrick.com
NATHAN J. NOVAK (State Bar No. 240473)
nnovak@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
777 South Figueroa Street
Suite 3200
Los Angeles, CA 90017
Telephone: 213-629-2020
Facsimile: 213-612-2499

Attorneys for Plaintiff
MySpace, Inc.

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| MYSPACE, INC., a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>MEDIA BREAKAWAY, LLC, a Nevada limited liability company, and SCOTT RICHTER and DOES 1-10, inclusive, individuals,<br><br>Defendants. | Case No. CV-07-0496 GHK (RCx)<br><br>**FIRST AMENDED COMPLAINT FOR:**<br><br>(1) **VIOLATIONS OF THE COMPUTER FRAUD AND ABUSE ACT**<br>(2) **VIOLATIONS OF THE CAN-SPAM ACT**<br>(3) **VIOLATIONS OF THE ELECTRONIC COMMUNICATION PRIVACY ACT**<br>(4) **VIOLATIONS OF CALIFORNIA'S ANTI-SPAM STATUTE**<br>(5) **UNFAIR COMPETITION**<br>(6) **TRESPASS TO CHATTELS**<br>(7) **CONVERSION**<br><br>**DEMAND FOR JURY TRIAL**<br><br>Honorable George H. King<br>Courtroom: 650 |

OHS West 260268974 3

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff MySpace, Inc. alleges as follows against defendants Media Breakaway LLC ("Media Breakaway"), Scott Richter, and Does 1-10, inclusive:

## JURISDICTION AND VENUE

1. This is a civil action for violations of the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, the CAN-SPAM Act, 15 U.S.C. § 7701 *et seq.*, the Electronic Communication Privacy Act, 18 U.S.C. § 2701 *et seq.*, and California's Anti-Spam statute, California Business and Professions Code § 17529 *et seq.*, unfair competition under California Business and Professions Code § 17200 *et seq.* and the common law, trespass to chattels, and conversion. The Court has jurisdiction over the Computer Fraud and Abuse Act, CAN-SPAM Act, and Electronic Communication Privacy Act claims under 28 U.S.C. § 1331. The Court has supplemental jurisdiction over the remaining claims under 28 U.S.C. § 1367.

2. Venue is proper in this Court pursuant to 28 U.S.C. § 1391(b) and (c).

## PARTIES

3. Plaintiff MySpace is a corporation organized under the laws of the State of Delaware, with its principal place of business in Beverly Hills, California.

4. Defendant Scott Richter is a self-described "high volume e-mail deployer" and the principal of a number of companies that specialize in spamming, including Media Breakaway, a Nevada limited liability company.

5. Does 1-10, inclusive, carried out certain of the tortious acts described in this First Amended Complaint at the named Defendants' behest. On information and belief, each Defendant is responsible for the acts alleged herein, and MySpace's injuries were proximately caused by these Defendants.

## MYSPACE AND ITS ONLINE COMMUNITY

6. MySpace operates a popular social networking website located at MySpace.com. Through the website, MySpace members create personal profiles, which become the members' "space" on MySpace.com. These profiles typically include personal descriptions, photographs, blogs, and other information. Once a

OHS West 260268974 3

-1-

member creates a profile, the member can build a personal network within MySpace by inviting others to become a part of the member's personal network or by accepting an invitation to become a part of another member's personal network. The MySpace users within a member's personal network are known as "friends." MySpace members use these personal networks to communicate with friends and to find other friends. MySpace has registered over 180 million members.

7. MySpace employs private email and bulletin systems, that MySpace owns, operates, and administers. MySpace members use these systems to communicate with other members. MySpace also employs a system that MySpace owns, operates, and administers that allows MySpace members to invite other members to become friends and to accept or reject invitations to become friends. When a MySpace member posts a bulletin, an electronic message is transmitted to each of that member's friends.

8. An important aspect of the MySpace experience is that members generally receive communications only from a limited number of people. MySpace members do not expect to receive – and should not receive – unsolicited mass communications, such as spam. MySpace employs various security measures to prohibit the unauthorized use of its website and its computers.

**DEFENDANTS' UNLAWFUL CONDUCT**

9. The Defendants specialize in the delivery of commercial e-mails – known as "spam" – in very high volumes. Beginning in July of 2006 and continuing into December of 2006, the Defendants arranged for millions of spam "bulletins" to be sent through MySpace's network.

10. Defendants sent these spam bulletins through the accounts of existing MySpace users without those users' knowledge. On information and belief, Defendants accomplished this by either misappropriating the login names and passwords of existing MySpace users through phishing or by acquiring a list of phished names and passwords from one or more third parties.

OHS West 260268974 3

11. Defendants used computer programs called "scripts" to login into compromised MySpace users' accounts and send the spam bulletins. The scripts – computer programs that execute a predetermined set of commands repeatedly – allowed for the spam bulletins to be mass-distributed quickly. The bulletins promoted websites that offered recipients, for instance, free "ringtones" for cellular phones, free Lacoste polo shirts, or a free "Sidekick 3."

12. While most spam is easily identified as spam and often ignored by recipients, the Defendants' spam attack was more successful because the Defendants used stolen account information to make it appear that bulletin recipients were receiving the bulletins from their friends. Additionally, the bulletins included statements that appeared to be made by legitimate MySpace users and that professed the legitimacy of the promotions.

13. The sending of a bulletin results in an electronic message being sent to each friend in a MySpace user's network. Thus, the Defendants caused millions of spam bulletin messages to be sent to MySpace users.

14. In May and June 2007, the Defendants arranged for approximately another 180,000 spam bulletins to be sent on MySpace. These bulletins were sent using approximately 756 MySpace member accounts that were likely phished. The spam bulletins advertised the websites cuterings.net, ringspree.com, and hotrings.net. These websites all eventually led to ringaza.com, which the Defendants own and operate.

15. In June of 2007, the Defendants arranged for over 2,000,000 spam messages to be sent to MySpace members, this time through MySpace's private email message system. Approximately 268,000 MySpace members received such emails from approximately 122,000 MySpace accounts, which were mostly likely phished. These spam emails promoted the commercial website ringjam.net and ringaza.com. These spam emails contained misleading headers and subject lines

that led MySpace members to believe they were receiving legitimate, personal emails instead of spam. This deception made the spam attack particularly effective.

16. Media Breakaway and Scott Richter had knowledge of the other Defendants' unlawful actions and authorized and/or directed them to take the actions described in this First Amended Complaint on their behalf.

## FIRST CLAIM FOR RELIEF

## VIOLATION OF THE COMPUTER FRAUD AND ABUSE ACT

(18 U.S.C. § 1030)

17. MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16.

18. Defendants knowingly and intentionally: (a) accessed MySpace's computers without authorization or in excess of any authorization and thereby obtained information from MySpace's protected computers in a transaction involving an interstate or foreign communication; (b) knowingly and with an intent to defraud accessed MySpace's computers without authorization or in excess of any authorization and obtained information from MySpace's computers, which, on information and belief, Defendants used to obtain something of value; and (c) knowingly and with an intent to defraud trafficked in passwords through which computers were accessed without authorization and affected interstate commerce.

19. Defendants' conduct has caused a loss to MySpace during a one-year period aggregating at least $5,000.

20. MySpace has suffered damages resulting from Defendants' infringing conduct.

21. By reason of Defendants' conduct, MySpace has suffered, is suffering, and will continue to suffer irreparable harm and, unless Defendants are enjoined, the irreparable harm to MySpace will continue. MySpace has no adequate remedy at law.

## SECOND CLAIM FOR RELIEF

## VIOLATIONS OF THE CAN-SPAM ACT

(15 U.S.C. § 7701 *et seq.*)

22. MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16 and 18-21.

23. MySpace is a provider of internet access service. MySpace enables users to access content, including proprietary and exclusive content, electronic mail, and other internet services through its website.

24. Defendants initiated the transmission of spam bulletins and emails through MySpace's computers, which are used in interstate and foreign commerce and communication, to thousands or millions of MySpace users' computers, which are also used in interstate and foreign commerce and communication.

25. Defendants materially misled recipients of the spam as to the true identity of the senders.

26. Defendants acquired lists of MySpace login names and passwords in a fraudulent manner, either by phishing themselves or acquiring phished lists from third parties, for the purposes of initiating the spam messages.

27. Defendants' bulletins and emails were sent as part of a systematic pattern and practice that did not conspicuously display a return electronic mail address by which the recipients could submit to the true sender a reply requesting that no further commercial emails be sent to the recipient.

28. Defendants' bulletins and emails did not provide clear and conspicuous identification that the message was an advertisement or a solicitation, nor a clear and conspicuous notice that the recipient has the right to opt-out of future messages, nor a valid physical address of the actual sender of the bulletins.

29. MySpace has been adversely affected by Defendants' violations. As a direct and proximate cause of Defendants' conduct, MySpace has sustained damages.

OHS West 260268974 3

- 5 -

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

1  30.  By reason of Defendants' conduct, MySpace has suffered, is suffering, and will continue to suffer irreparable harm and, unless Defendants are enjoined, the irreparable harm to MySpace will continue. MySpace has no adequate remedy at law.

## THIRD CLAIM FOR RELIEF

## VIOLATIONS OF THE ELECTRONIC COMMUNICATION PRIVACY ACT

(18 U.S.C. § 2701 *et seq.*)

31.  MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16, 18-21, and 23-30.

32.  MySpace's computers and servers are facilities through which electronic communication service is provided to its users.

33.  By using phished or hacked login names and passwords, the Defendants knowingly and intentionally accessed MySpace's computers and servers without authorization.

34.  Through this unauthorized access, Defendants had access to, obtained, altered, and/or prevented MySpace members' legitimate, authorized access to wire electronic communications, including but not limited to MySpace emails and bulletins while they were in electronic storage in the MySpace system.

35.  By reason of Defendants' conduct, MySpace has suffered, is suffering, and will continue to suffer irreparable harm and, unless Defendants are enjoined, the irreparable harm to MySpace will continue. MySpace has no adequate remedy at law.

## FOURTH CLAIM FOR RELIEF

## VIOLATIONS OF CALIFORNIA'S ANTI-SPAM STATUTE

(Cal. Bus. & Prof. Code § 17529 *et seq.*)

36.  MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16, 18-21, 23-30, and 32-35.

37. Defendants' spam messages were commercial email advertisements initiated for the purpose of advertising or promoting the sale or gift offer of property, goods, and/or services.

38. Defendants' spam messages contained falsified, misrepresented, and/or forged header information. The bulletins also included subject lines that would be likely to mislead a recipient about the contents or subject matter of the message.

39. MySpace has been adversely affected by Defendants' violations. As a direct and proximate cause of Defendants' conduct, MySpace has sustained damages.

40. By reason of Defendants' conduct, MySpace has suffered, is suffering, and will continue to suffer irreparable harm and, unless Defendants are enjoined, the irreparable harm to MySpace will continue. MySpace has no adequate remedy at law.

## FIFTH CLAIM FOR RELIEF
## UNFAIR COMPETITION

(California Business & Professions Code §§ 17200 *et seq.* and Common Law)

41. MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16, 18-21, 23-30, 32-35, and 37-40.

42. Defendants, by virtue of their acts as alleged above, have willfully, knowingly, and intentionally engaged in acts of unfair competition under Cal. Bus. & Prof. Code §§ 17200 *et seq.* and the common law of the State of California.

43. As a direct and proximate cause of Defendants' conduct, MySpace has sustained damages and Defendants have received wrongful gains.

44. By reason of Defendants' conduct, MySpace has suffered, is suffering, and will continue to suffer irreparable harm and, unless Defendants are enjoined, the irreparable harm to MySpace will continue. MySpace has no adequate remedy at law.

OHS West 260268974.3

- 7 -

## SIXTH CLAIM FOR RELIEF

## TRESPASS TO CHATTELS

45. MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16, 18-21, 23-30, 32-35, 37-40, and 42-44.

46. The internal email and bulletin systems and computer hardware used to facilitate the operation of those systems are the personal property of MySpace.

47. Defendants knowingly and intentionally, without the authorization of MySpace, used, trespassed on, and interfered with MySpace's property rights through the unlawful acts described herein.

48. Defendants' actions were in denial of MySpace's rights to operate its internal email and bulletin systems.

49. As a direct and proximate cause of Defendants' trespass, MySpace has sustained damages.

## SEVENTH CLAIM FOR RELIEF

## CONVERSION

50. MySpace realleges and incorporates herein by reference the allegations in paragraphs 1-16, 18-21, 23-30, 32-35, 37-40, 42-44, and 46-49.

51. Defendants' unlawful actions constituted a substantial deprivation of and trespass upon MySpace's property rights.

52. As a direct and proximate cause of Defendants' trespass, MySpace has sustained damages.

## PRAYER FOR RELIEF

Wherefore, MySpace prays for relief as follows:

1. That Defendants and their agents, servants, employees, attorneys, and any other persons in active concert or participation with them be temporarily, preliminarily, and permanently enjoined from:

   a. making any unauthorized use of, or gaining unauthorized access to, MySpace's computers;

        b.    retaining any copies, electronic or otherwise, of any MySpace login names and/or passwords obtained through the illegitimate and unlawful actions described in the First Amended Complaint;

        c.    using MySpace's computers or accounts to cause, directly or indirectly, commercial emails or bulletins of any kind to be transmitted; and,

        d.    accessing MySpace's computers or accounts for any reason whatsoever;

    2.    That Defendants be directed to file with the Court and serve upon counsel for MySpace within thirty days after entry of judgment a report in writing under oath setting forth in detail the manner and form in which Defendants have complied with the requirements of the injunction, the login names and unique membership numbers of all compromised MySpace accounts, and the person(s) or entit(ies) from whom the Defendants acquired the phished information;

    3.    For damages according to proof, including liquidated and statutory damages;

    4.    For disgorgement of any money, property, or the value of any other economic benefit that Defendants have received as a result of their unlawful conduct;

    5.    For punitive damages;

    6.    For interest as allowed by law;

    7.    For costs of suit, including attorneys' fees; and

    8.    For such other relief as the Court deems just and proper.

OHS West 260268974 3

| | | |
|---|---|---|
| 1 | Dated: July 31, 2007 | WILLIAM W. OXLEY<br>CHRISTOPHER S. RUHLAND<br>NATHAN J. NOVAK<br>ORRICK, HERRINGTON & SUTCLIFFE LLP |
| 2 | | |
| 3 | | |
| 4 | | By: _____<br>Christopher S. Ruhland<br>Attorneys for Plaintiff MySpace, Inc. |

OHS West 260268974 3

- 10 -

FIRST AMENDED COMPLAINT AND DEMAND FOR JURY TRIAL

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, MySpace hereby demands a trial by jury.

Dated: July 31, 2007

WILLIAM W. OXLEY
CHRISTOPHER S. RUHLAND
NATHAN J. NOVAK
ORRICK, HERRINGTON & SUTCLIFFE LLP

By: _____
Christopher S. Ruhland
Attorneys for Plaintiff MySpace, Inc.