MySpace Inc v. Optinrealbig.com LLC et al                                                                    Doc. 65

**ORIGINAL**

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

| Case No. | CV 07-496-GHK (RCx) | Date | August 13, 2007 |
|---|---|---|---|

| Title | *Myspace, Inc. v. Optinrealbig.com, LLC, et al.* |
|---|---|

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d).

**Presiding: The Honorable     GEORGE H. KING, U. S. DISTRICT JUDGE**

| Beatrice Herrera | N/A | N/A |
|---|---|---|
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

Attorneys Present for Plaintiffs:       Attorneys Present for Defendants:

None                                    None

**Proceedings:** (In Chambers) Order Re: (1) Motion to Compel Arbitration (2) Motion for Preliminary Injunction

On June 27, 2007, Plaintiff MySpace.com, Inc. ("MySpace") filed a motion for a preliminary injunction. On July 9, 2007, Defendants Media Brakeaway, LLC and Scott Ritter (the "Remaining Defendants") filed a motion to compel arbitration and to stay this action pending its resolution. Having considered all of the papers filed in support of and in opposition so these motions, we deem these matters suitable for resolution without oral argument. L.R. 7-15.

**I.    Motion to Compel Arbitration**

The actual parties to the arbitration agreement at issue in this case are MySpace and two Defendants who have since been dismissed from the action. Nonetheless, the Remaining Defendants move to compel arbitration based on the agreement to which they are non-signatories.

In opposing the motion, MySpace raises two issues. First, MySpace points out that it has amended the Complaint and dismissed its claim for breach of contract. They state that "once MySpace dismisse[d] the breach of contract claim, there [is] no basis upon which to compel arbitration." MySpace is wrong. The fact that MySpace is no longer alleging a breach of the contract does not mean that the agreement disappears. If the agreement—which MySpace does not challenge— is valid, and if the current claims otherwise fall within the scope of arbitration provision itself, it is entirely irrelevant that there are no allegations that the agreement was breached.[1]

Second, MySpace argues that:

---

[1] MySpace's suggestion that torts and statutory violations independent of a breach of contract are not arbitrable is without merit. *See, e.g., E.E.O.C. v. Luce, Forward, Hamilton & Scripps*, 345 F.3d 742, 745 (9th Cir. 2003) (en banc) (holding that employment discrimination claims under Title VII are arbitrable). The cases MySpace cites in arguing this point are cases where the arbitration agreement itself limited abitrability to contractual issues. *See Mediterranean Enters., Inc. v. Ssangyong Corp.*, 708 F.2d 1458, 1465 (9th Cir. 1983) (holding that when contract provided for arbitration of disputes "arising hereunder," this "relatively narrow" provision would be read as reaching only contract-related disputes).

Dockets.Justia.com

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.   CV 07-496-GHK (RCx)                                    Date   August 13, 2007

Title   *Myspace, Inc. v. Optinrealbig.com, LLC, et al.*

    Richter attempts to create a distraction by claiming that MySpace is equitably estopped from denying the existence of an agreement to arbitrate. Richter's equitable estoppel argument is inapposite because MySpace does not contest the existence of an agreement to arbitrate. What MySpace contests is that its claims do not fall within the scope of the arbitration provision.

(MySpace, Inc.'s Opp. to Defs. Mot. to Compel 7.)

    We take MySpace at its word that what it contests is simply the scope of the arbitration agreement.[2] We agree with MySpace to the extent that the "equitable estoppel" arguments raised by Richter do not prevent MySpace from contesting the scope of the agreement with respect to the claims at issue in this case. *See, e.g., Becker v. Davis*, - - - F.3d - - -, 2007 WL 1988551, at *11 (11th Cir. July 11, 2007) (expressly examining textual scope of arbitration clause after determining that equitable estoppel bound non-signatory to an arbitration agreement as a whole).

    The question, then, is whether MySpace's claims fall within the scope of arbitrable claims as defined by the agreement. "We interpret the [arbitration agreement] by applying general state-law principles of contract interpretation, while giving due regard to the federal policy in favor of arbitration by resolving ambiguities as to the scope of arbitration in favor of arbitration." *Wagner v. Stratton Oakmont, Inc.*, 83 F.3d 1046, 1049 (9th Cir. 1996). Morever, as MySpace drafted of the provision, ambiguities should be resolved in the Defendants' favor. *See Republic of Nicar. v. Standard Fruit Co.*, 937 F.2d 469, 477 & n.11 (9th Cir. 1990).

    The gravamen of MySpace's claims is that the Remaining Defendants, acting through others, accessed and used MySpace's website and internal messaging system to send unsolicited and deceptive advertising to MySpace's members, in violation of various state and federal laws. MySpace argues in its opposition that these claims are "independent wrongs" that do not involve "services provided by MySpace.com[,]" and are thus beyond the scope of its contractual obligation to arbitrate.

    To answer this question, we turn to the text of the agreement. The MySpace User Agreement contains the following arbitration provision:

---

    [2] To the extent that the "equitable estoppel" issues raised by Richter have any other relevance to the motion to compel arbitration beyond the issue of MySpace's right to contest the scope of the arbitration clause, *cf. Comer v. Micor, Inc*, 436 F.3d 1098, 1101 (9th Cir. 2006), *Britton v. Co-Op Banking Group*, 4 F.3d 742, 745 (9th Cir. 1993), we decline to address them because MySpace failed to provide any legal or factual analysis of these issues in its opposition. To the extent that any valid legal arguments favorable to MySpace exist, they have been waived. *See Katie A., ex rel. Ludin v. L.A. County*, 481 F.3d 1150, 1162 (9th Cir. 2007) (holding that issues would be treated as waived when party "provide[s] no elaboration or legal argument"); *Howard v. Everex Sys., Inc.*, 228 F.3d 1057, 1069 n. 18 (9th Cir.2000) (concluding failure to provide any legal argument in support of a contention waived the argument).

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES - GENERAL

Case No.   CV 07-496-GHK (RCx)                              Date   August 13, 2007

Title      *Myspace, Inc. v. Optinrealbig.com, LLC, et al.*

> Either MySpace.com or you may demand that any dispute between MySpace.com and
> you about or involving the MySpace Services must be settled by arbitration using the
> dispute resolution procedures of the American Arbitration Association[.]

(MySpace User Agreement § 15.)

"MySpace Services" is a term of art defined earlier in the agreement as follows:

> [T]he MySpace.com website (the "MySpace Website"), the MySpace.com Internet
> messaging service, and any other features, content, or applications offered from time to
> time by MySpace.com in connection with the MySpace Website[.]

(MySpace User Agreement Preamble, ¶ 1.)

Disputes about MySpace customers misusing its services, whether in violation of the terms of the agreement itself, or independent violations of law are clearly "dispute[s] . . . about or involving . . . MySpace Services." MySpace's argument that the duty to arbitrate is somehow limited only to claims addressing the act of MySpace providing services is contrary to the clear text of the agreement. Therefore, we find that MySpace's claims are arbitrable and **GRANT** Defendants' motion to compel arbitration.

## II.   Effect on Preliminary Injunction

MySpace also argues that even if we compel arbitration, we should still address and grant its motion for a preliminary injunction. To the extent that MySpace argues that we have the authority to grant such relief with respect to arbitrable claims, we agree. *See PMS Distrib. Co v. Huber & Suhner, A.G*, 863 F.2d 639, 642 (9th Cir. 1990). But just because we have the authority does not mean that it is wise or proper to exercise it. The Ninth Circuit has held that when all "claims [a]re arbitrable and the . . . arbitral tribunal is authorized to grant the equivalent of an injunction pendente lite, it [is] inappropriate for the district court to grant preliminary injunctive relief." *Simula, Inc. v. Autoliv, Inc.*, 175 F.3d 716, 726 (9th Cir. 1999).

Here, the User Agreement specifies that the arbitration will occur "using the dispute resolution procedures of the American Arbitration Association." (User Agreement § 15.) Rule 34(a) of the

P/SEND

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | CV 07-496-GHK (RCx) | Date | August 13, 2007 |
|---|---|---|---|

| Title | *Myspace, Inc. v. Optinrealbig.com, LLC, et al.* |
|---|---|

American Arbitration Association's Commercial Arbitration Rules and Mediation Procedures,[3] entitled "Interim Measures," provides that:

> The arbitrator may take whatever interim measures he or she deems necessary, including injunctive relief and measures for the protection or conservation of property and disposition of perishable goods.

*See also id.* Rule 43(b) ("In addition to a final award, the arbitrator may make other decisions, including interim, interlocutory, or partial rulings, orders, and awards.").

Moreover, we fail to see why, under the facts of this case, waiting to seek interim relief against these Defendants from the arbitral tribunal would constitute an irreparable injury to MySpace or why relief from this Court is necessary to preserve the integrity of the pending arbitration. *See IDS Life Ins. Co. v. SunAmerica, Inc.*, 103 F.3d 524, 527 (7th Cir. 1996) ("The issuance of a stay pending arbitration should not deprive a litigant of the right to seek such protection as he may need against irreparable injury before he can—if he can—request such relief from the arbitral panel."); *Ortho Pharm. Corp. v Amgen, Inc.*, 882 F.2d 806, 814 (3d Cir. 1989).

The motion for Preliminary Injunction is **DENIED** without prejudice to its presentation to the arbitrators.

### III.   Conclusion

MySpace's motion for a preliminary injunction is **DENIED** without prejudice. Defendants' motion to compel arbitration is **GRANTED**. This case is ordered **STAYED** pending arbitration and **ADMINISTRATIVELY CLOSED** until further order of the Court.

**IT IS SO ORDERED.**

Initials of Preparer   Bea

---

[3] When the agreement mentions a specific set of rules to govern the arbitral proceeding, we may take judicial notice of such rules. Fed. R. Evid. 201; *see, e.g., Robbins v. B & B Lines, Inc.*, 830 F.2d 648, 651 n.5 (7th Cir. 1987).